UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DMB FINANCIAL LLC<br><br>    Plaintiff,<br><br>v.<br><br>SYMPLE LENDING, LLC AND BEYOND FINANCE, LLC,<br><br>    Defendants. | Civil Action No. 1:21-CV-12065-FDS<br><br>**DECLARATION OF HURSHELL BROWN** |

**DECLARATION OF HURSHELL BROWN IN RESPONSE TO ORDER TO SHOW CAUSE AS TO SUBJECT-MATTER JURISDICTION**

1. My name is Hurshell Brown, and I am the Chief Legal Officer of Beyond Finance, LLC ("*Beyond*"), one of the defendants in this action.

2. I make this Declaration to respond to the Court's Order to Show Cause as to Subject-Matter Jurisdiction [ECF No. 35].

3. The facts and statements in this Declaration are based on my personal knowledge and experience as Beyond's General Counsel. If called to do so, I would testify to the statements made herein.

4. The sole member of Beyond is Consumer Financial Services Solutions, Inc., which is a Delaware corporation.

5. Attached as Exhibit 1 is a true and correct copy of the Amended Certificate of Incorporation and Certificate of Filing for Consumer Financial Services Solutions, Inc. in the state of Delaware.

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the foregoing is true and correct.

Executed on April 22, 2022

By: _____
    Hurshell Brown

# EXHIBIT 1

# Delaware

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE RESTATED CERTIFICATE OF "CONSUMER FINANCIAL SERVICES SOLUTIONS, INC.", FILED IN THIS OFFICE ON THE TWENTY-FOURTH DAY OF AUGUST, A.D. 2018, AT 4:46 O`CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.



6996026  8100
SR# 20186350218

Authentication: 203327552
Date: 08-28-18

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:46 PM 08/24/2018
FILED 04:46 PM 08/24/2018
SR 20186350218 - File Number 6996026

# AMENDED AND RESTATED
# CERTIFICATE OF INCORPORATION
# OF
# CONSUMER FINANCIAL SERVICES SOLUTIONS, INC.

(Pursuant to Sections 241 and 245 of the
General Corporation Law of the State of Delaware)

Consumer Financial Services Solutions, Inc., a corporation organized and existing under and by virtue of the provisions of the General Corporation Law of the State of Delaware (the "**General Corporation Law**"),

**DOES HEREBY CERTIFY:**

**A.** That this corporation was originally organized pursuant to a Certificate of Incorporation filed with the Delaware Secretary of State on August 13, 2018.

**B.** The Corporation has not received any payment for any of its stock and no directors were named in the Certificate of Incorporation or have been elected.

**RESOLVED**, that the Certificate of Incorporation of this corporation be amended and restated in its entirety (the "**Amended and Restated Certificate of Incorporation**") to read as follows:

**FIRST:** The name of this corporation is Consumer Financial Services Solutions, Inc. (the "*Corporation*").

**SECOND:** The address of the registered office of the Corporation in the State of Delaware is 251 Little Falls Drive, in the City of Wilmington, County of New Castle, Delaware 19808. The name of its registered agent at such address is Corporation Service Company.

**THIRD:** The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law.

**FOURTH:** The total number of shares of all classes of stock which the Corporation shall have authority to issue is 9,800,000 shares of Common A Stock (the "*Common A Stock*") and 200,000 shares of Common C Stock (the "*Common C Stock*" and, together with the Common A Stock, the "*Common Stock*"), each with a par value of $0.0001 per share.

The following is a statement of the designations and the powers, privileges and rights, and the qualifications, limitations or restrictions thereof in respect of each series of capital stock of the Corporation.

1. <u>General.</u> The Common A Stock and Common C Stock will be identical in all respects except with respect to the voting provisions set forth in Section 2 herein

1

and the preference in respect of certain liquidation transactions set forth in the Stockholders Agreement entered into by the holders of Common A Stock and Common C Stock following the filing of this Certificate of Incorporation (the "***Stockholders Agreement***").

2. Voting.

2.1 The holders of the Common A Stock are entitled to one vote for each share of Common Stock held at all meetings of stockholders (and written actions in lieu of meetings). There shall be no cumulative voting.

2.2 The holders of Common C Stock shall have no voting rights, other than as set forth herein.

2.3 At any time when shares of Common C Stock are outstanding, the Corporation shall not, either directly or indirectly by amendment, merger, consolidation or otherwise, do any of the following without (in addition to any other vote required by law or this Certificate of Incorporation) the written consent or affirmative vote of the holders of at least a majority of the then outstanding shares of Common C Stock, given in writing or by vote at a meeting, consenting or voting (as the case may be) separately as a class, and any such act or transaction entered into without such consent or vote shall be null and void *ab initio,* and of no force or effect:

2.3.1 amend, alter, waive or repeal any provision of this Certificate of Incorporation or Bylaws of the Corporation, or the Stockholders Agreement so as to adversely affect the rights and preferences of the Common C Stock disproportionate to how they affect the rights and preferences of Common A Stock; or

2.3.2 become subject to any agreement that would restrict the Corporation's performance of its obligations under the terms of this Certificate of Incorporation or the Bylaws of the Corporation.

3. Dividends. Until the ParentCo Minimum Return (as defined in the Stockholders Agreement) has been satisfied, payments of dividends to the Common A Stock shall be on a pro rata basis., and the Common C Stock shall not be entitled to payments of dividends. After the ParentCo Minimum Return has been satisfied, twenty percent (20%) of any dividends declared by the Board of Directors shall be distributed to the Common C Stock on a pro rata basis, and the remaining dividends shall be distributed to the Common A Stock on a pro rata basis.

4. Liquidation, Dissolution or Winding Up; Certain Mergers, Consolidations and Asset Sales.

4.1 In the event of any voluntary or involuntary liquidation, dissolution or winding up of the Corporation or Deemed Liquidation Event, the assets of the Corporation available for distribution to its stockholders shall be distributed with equal priority and pro rata among the holders of Common A Stock and Common C Stock in proportion to the number of shares of Common Stock held by them. Additionally, the Common A Stock and Common C Stock have the relative rights,

2

preferences and privileges set forth in the Stockholders Agreement upon the occurrence of certain events, which may not be amended without the consent of the holders of at least a majority of the then outstanding shares of Common A Stock and Common C Stock, each voting separately as a class; provided, however, that the vote of the holders of at least a majority of the Common C Stock is required only to amend the Stockholders Agreement in a manner which would adversely affect the rights and preferences of the Common C Stock disproportionate to how they affect the rights and preferences of Common A Stock.

4.2     Deemed Liquidation Events.

4.2.1     Definition. Each of the following events shall be considered a "*Deemed Liquidation Event*" unless the holders of a majority of the outstanding shares of Common A Stock elect otherwise by written notice sent to the Corporation at least 10 days prior to the effective date of any such event:

(a)     a merger or consolidation in which the Corporation is a constituent party except any such merger or consolidation involving the Corporation in which the shares of capital stock of the Corporation outstanding immediately prior to such merger or consolidation continue to represent, or are converted into or exchanged for shares of capital stock that represent, immediately following such merger or consolidation, a majority, by voting power, of the capital stock of (1) the surviving or resulting corporation or (2) if the surviving or resulting corporation is a wholly owned subsidiary of another corporation immediately following such merger or consolidation, the parent corporation of such surviving or resulting corporation; or

(b)     the sale, lease, transfer, exclusive license or other disposition, in a single transaction or series of related transactions, by the Corporation of all or substantially all the assets of the Corporation.

4.2.2     Amount Deemed Paid or Distributed. The amount deemed paid or distributed to the holders of capital stock of the Corporation upon any such merger, consolidation, sale, transfer, exclusive license, other disposition or redemption shall be the cash or the value of the property, rights or securities paid or distributed to such holders by the Corporation or the acquiring person, firm or other entity. The value of such property, rights or securities shall be determined in good faith by the Board of Directors of the Corporation.

5.     Redemption. The Common Stock shall be non-redeemable.

6.     Acquired Shares. Any shares of Common Stock that are acquired by the Corporation shall be automatically and immediately cancelled and retired and shall not be reissued, sold or transferred. The Corporation may not exercise any voting or other rights granted to the holders of Common Stock following acquisition of shares of Common Stock.

7.     Waiver. Any of the rights, powers, preferences and other terms of each class of Common Stock set forth herein may be waived on behalf of all holders of such

3

class of Common Stock by the affirmative written consent or vote of the holders of a majority of the shares of such class of Common Stock then outstanding.

8. <u>Notices.</u> Any notice required or permitted by the provisions of this Article Fourth to be given to a holder of shares of Common Stock shall be mailed, postage prepaid, to the post office address last shown on the records of the Corporation, or given by electronic communication in compliance with the provisions of the General Corporation Law, and shall be deemed sent upon such mailing or electronic transmission.

**FIFTH**: Subject to any additional vote required by the Certificate of Incorporation or Bylaws, in furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized to make, repeal, alter, amend and rescind any or all of the Bylaws of the Corporation.

**SIXTH**: Subject to any additional vote required by the Certificate of Incorporation, the number of directors of the Corporation shall be determined in the manner set forth in the Bylaws of the Corporation.

**SEVENTH**: Elections of directors need not be by written ballot unless the Bylaws of the Corporation shall so provide.

**EIGHTH**: Meetings of stockholders may be held within or without the State of Delaware, as the Bylaws of the Corporation may provide. The books of the Corporation may be kept outside the State of Delaware at such place or places as may be designated from time to time by the Board of Directors or in the Bylaws of the Corporation.

**NINTH**: To the fullest extent permitted by law, a director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director. If the General Corporation Law or any other law of the State of Delaware is amended after approval by the stockholders of this Article Ninth to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the General Corporation Law as so amended.

Any repeal or modification of the foregoing provisions of this Article Ninth by the stockholders of the Corporation shall not adversely affect any right or protection of a director of the Corporation existing at the time of, or increase the liability of any director of the Corporation with respect to any acts or omissions of such director occurring prior to, such repeal or modification.

**TENTH**: To the fullest extent permitted by applicable law, the Corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers and agents of the Corporation (and any other persons to which General Corporation Law permits the Corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise, in excess of the indemnification and advancement otherwise permitted by Section 145 of the General Corporation Law.

4

Any amendment, repeal or modification of the foregoing provisions of this Article Tenth shall not adversely affect any right or protection of any director, officer or other agent of the Corporation existing at the time of such amendment, repeal or modification.

**ELEVENTH**: Unless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery in the State of Delaware shall be the sole and exclusive forum for any stockholder (including a beneficial owner) to bring (i) any derivative action or proceeding brought on behalf of the Corporation, (ii) any action asserting a claim of breach of fiduciary duty owed by any director, officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action asserting a claim against the Corporation, its directors, officers or employees arising pursuant to any provision of the Delaware General Corporation Law or the Corporation's certificate of incorporation or bylaws or (iv) any action asserting a claim against the Corporation, its directors, officers or employees governed by the internal affairs doctrine, except for, as to each of (i) through (iv) above, any claim as to which the Court of Chancery determines that there is an indispensable party not subject to the jurisdiction of the Court of Chancery (and the indispensable party does not consent to the personal jurisdiction of the Court of Chancery within ten days following such determination), which is vested in the exclusive jurisdiction of a court or forum other than the Court of Chancery, or for which the Court of Chancery does not have subject matter jurisdiction. If any provision or provisions of this Article Eleventh shall be held to be invalid, illegal or unenforceable as applied to any person or entity or circumstance for any reason whatsoever, then, to the fullest extent permitted by law, the validity, legality and enforceability of such provisions in any other circumstance and of the remaining provisions of this Article Eleventh (including, without limitation, each portion of any sentence of this Article Eleventh containing any such provision held to be invalid, illegal or unenforceable that is not itself held to be invalid, illegal or unenforceable) and the application of such provision to other persons or entities and circumstances shall not in any way be affected or impaired thereby.

**TWELFTH**: EACH STOCKHOLDER WAIVES ITS RIGHTS TO A JURY TRIAL WITH RESPECT TO (I) ANY DERIVATIVE ACTION OR PROCEEDING BROUGHT ON BEHALF OF THE CORPORATION, (II) ANY ACTION ASSERTING A CLAIM OF BREACH OF FIDUCIARY DUTY OWED BY ANY DIRECTOR, OFFICER OR OTHER EMPLOYEE OF THE CORPORATION TO THE CORPORATION OR THE CORPORATION'S STOCKHOLDERS, (III) ANY ACTION ASSERTING A CLAIM AGAINST THE CORPORATION, ITS DIRECTORS, OFFICERS OR EMPLOYEES ARISING PURSUANT TO ANY PROVISION OF THE DELAWARE GENERAL CORPORATION LAW OR THE CORPORATION'S CERTIFICATE OF INCORPORATION OR BYLAWS OR (IV) ANY ACTION ASSERTING A CLAIM AGAINST THE CORPORATION, ITS DIRECTORS, OFFICERS OR EMPLOYEES GOVERNED BY THE INFERNAL AFFAIRS DOCTRINE. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN

5

ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS CERTIFICATE OF INCORPORATION.

**THIRTEENTH**: The Corporation renounces, to the fullest extent permitted by law, any interest or expectancy of the Corporation in, or in being offered an opportunity to participate in, any Excluded Opportunity. For sake of clarification, the foregoing shall not limit any obligation of any Covered Person to the Corporation with respect to the disclosure or use of confidential information of the Corporation. An "***Excluded Opportunity***" is any matter, transaction or interest that is presented to, or acquired, created or developed by, or which otherwise comes into the possession of, (i) any director of the Corporation who is not an employee of the Corporation or any of its subsidiaries, or (ii) any holder of Common A Stock, any affiliate of such holder or any partner, member, director, stockholder, employee or agent of any such holder or affiliate, other than someone who is an employee of the Corporation or any of its subsidiaries (collectively, "Covered Persons"), unless such matter, transaction or interest is presented to, or acquired, created or developed by, or otherwise comes into the possession of, a Covered Person expressly and solely in such Covered Person's capacity as a director of the Corporation.

**C.** That this Amended and Restated Certificate of Incorporation, which restates and integrates and further amends the provisions of this Corporation's Certificate of Incorporation, has been duly adopted in accordance with Section 241 and 245 of the General Corporation Law.

Case 1:21-cv-1065-FDS Document 36 Filed 04/22/22 Page 9 of 10

**THE UNDERSIGNED**, being the sole incorporator of the Corporation, for the purpose of Amending and Restating the Certificate of Incorporation pursuant to the General Corporation Law, does make this certificate, hereby declaring and certifying that this is my act and deed and the facts herein stated are true, and accordingly have hereunto set my hand this 24th day of August, 2018.

                                                                                                         Michael Pirog, Incorporator