UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DMB FINANCIAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SYMPLE LENDING, LLC, and <br> BEYOND FINANCE, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 1:21-CV-12065-FDS <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

DMB Financial, LLC ("DMB") hereby responds to the Counterclaims by Symple Lending, LLC ("Symple").

## PARTIES

1. DMB is without knowledge or information sufficient to admit or deny this allegation.

2. Admitted.

## FACTS

3. Admitted.

4. DMB denies the allegations in the first sentence of this paragraph except that it admits that Mr. Caron discussed with Symple becoming an affiliate of DMB. DMB is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. DMB denies the allegations in the third sentence of this paragraph except that it admits that Mr. Caron discussed with Symple becoming an affiliate of DMB in late 2020 and

early 2021. With respect to the fourth sentence of this paragraph, DMB admits that in later 2020, John Caron represented that he believed DMB was in a strong position vis a vis the CFPB, that DMB had claims against the CFPB and that he expected the matter would be resolved quickly. DMB denies any additional allegations in the fourth sentence of this paragraph. DMB admits the allegations in the fifth sentence of this paragraph.

5. DMB is without knowledge or information sufficient to admit or deny the allegations in this paragraph except it admits that Symple agreed to enter into a business relationship with DMB.

6. Admitted.

7. DMB admits that Symple enrolled Consumers its program in October 2021 and that DMB withheld a small amount of the commission thereon as an offset to the monies that Symple owes DMB and denies the remaining allegations in paragraph 7.

8. This paragraph refers to a document that speaks for itself, and no further answer is required.

9. DMB admits the allegation in the first sentence of this paragraph that the Consumer Financial Protection Bureau filed a lawsuit against DMB prior to the time that DMB and Symple entered into their Affiliate Agreement. The remainder of the first sentence of this paragraph refers to the Complaint in that lawsuit, which is a document that speaks for itself, and no further answer is required. DMB admits the allegation in the second sentence of this paragraph that it and the Consumer Financial Protection Bureau entered into a stipulated Final Judgment. The remainder of the second sentence of this paragraph refers to that Judgment, which is a document that speaks for itself, and no further answer is required.

10. This paragraph refers to the stipulated Final Judgment in the lawsuit brought by the Consumer Financial Protection Bureau, which is a document that speaks for itself, and no further answer is required.

11. The first sentence of this paragraph refers to the stipulated Final Judgment in the lawsuit brought by the Consumer Financial Protection Bureau, which is a document that speaks for itself, and no further answer is required. The second sentence of this paragraph refers to an email, which is a document that speaks for itself, and no further answer is required. DMB admits the allegations in the third sentence of this paragraph.

12. Denied.

13. DMB is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

14. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

15. DMB admits the allegations in the first sentence of this paragraph. The remainder of this paragraph asserts conclusions of law to which no answer is required. To the extent the remainder of this paragraph asserts allegations of fact, they are denied.

16. DMB admits the allegation in the first sentence of this paragraph that the Commonwealth of Massachusetts filed a lawsuit against DMB prior to the time that DMB and Symple entered into their Affiliate Agreement. The remainder of the first sentence of this paragraph refers to the Complaint in that lawsuit, which is a document that speaks for itself, and no further answer is required. The allegations in the remainder of this paragraph refer to the Consent Judgment in that action, which is a document that speaks for itself, and no further answer is required.

17. This paragraph refers to the Consent Judgment in the action brought against DMB by the Commonwealth of Massachusetts, which is a document that speaks for itself, and no further answer is required.

18. The first sentence of this paragraph refers to the Consent Judgment in the action brought against DMB by the Commonwealth of Massachusetts, which is a document that speaks for itself, and no further answer is required. The remainder of this paragraph asserts conclusions of law to which no answer is required. To the extent the remainder of this paragraph asserts allegations of fact, they are denied.

19. DMB denies that it never disclosed the Commonwealth of Massachusetts litigation against it to Symple and admits the remaining allegations in the first sentence of this paragraph.  DMB is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

20. DMB is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

21. Admitted.

## Count I
### (Breach of Contract)

22. DMB repeats and incorporates herein by reference its responses set forth above.

23. Admitted.

24. Denied.

25. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

26. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

27. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

## Count II
### (Intentional Misrepresentation/Fraud)

28. DMB repeats and incorporates herein by reference its responses set forth above.

29. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## Count III
### (Fraud - Omission)

35. DMB repeats and incorporates herein by reference its responses set forth above.

36. This paragraph asserts conclusions of law to which no answer is required.

37. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

38. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

39. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

40. Denied.

41. Denied.

## Count IV
### (Negligent Misrepresentation)

42. DMB repeats and incorporates herein by reference its responses set forth above.

43. Denied.

44. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

45. Denied.

46. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

47. This paragraph asserts conclusions of law to which no answer is required. To the extent this paragraph asserts allegations of fact, they are denied.

48. Denied.

## **AFFIRMATIVE DEFENSES**

1. Count I fails because Symple materially breached the Affiliate Agreement.

2. Count I fails because DMB did not fail to fulfill any obligation it had under the Affiliate Agreement.

3. Count II fails because DMB did not make any false or misleading statements.

4. Count II fails because any allegedly false or misleading statements were not material.

5. Count II fails because any allegedly false or misleading statements did not deceive anyone to whom they supposedly were made.

6. Count II fails because Symple could not have reasonably relied on any allegedly false or misleading statement.

7. Count II fails because Symple was not injured by any allegedly false or misleading statements.

8. Count III fails because DMB had no duty to disclose any information that it allegedly omitted disclosing.

9. Count III fails because any alleged omissions were not material.

10. Count III fails because any alleged omissions did not deceive or have the tendency to deceive anyone from whom they were withheld.

11. Count III fails because Symple could not have reasonably relied on any alleged omission.

12. Count III fails because Symple was not injured by any alleged omission.

13. Count IV fails because DMB did not make any false or misleading statements.

14. Count IV fails because any allegedly false or misleading statements were not material.

15. Count IV fails because any allegedly false or misleading statements did not deceive anyone to whom they supposedly were made.

16. Count IV fails because Symple could not have reasonably relied on any allegedly false or misleading statement.

17. Count IV fails because Symple was not injured by any allegedly false or misleading statements.

**WHEREFORE,** DMB Financial, LLC. prays that this Court:

a. Enter a judgment in favor of DMB Financial, LLC on all Counterclaims;
b. Award DMB Financial, LLC all costs, expenses and attorneys' fees it has or will expend to defend against the Counterclaims; and
c. Award DMB Financial, LLC such other and further relief that justice so requires.

Respectfully submitted,

**DMB FINANCIAL, LLC**

By its attorneys,

 */s/ Shepard Davidson*
Shepard Davidson (BBO No. 557082)
sdavidson@burnslev.com
Gregory S. Paonessa (BBO No. 691216)
gpaonessa@burnslev.com
Taylor M. Makson (BBO No. 697476)
tmakson@burnslev.com
BURNS & LEVINSON LLP
125 High Street
Boston, MA  02110
Tel:  617-345-3000

Dated:  July 14, 2022

**CERTIFICATE OF SERVICE**

I, Shepard Davidson, hereby certify that on July 14, 2022, I electronically filed the foregoing Answer and Affirmative Defenses to Counterclaims using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

 */s/ Shepard Davidson*
Shepard Davidson

4895-7281-5913.1